```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

BOBBY J. PAULEY, JR.,
and DEBROAH K. PAULEY,

      Plaintiffs,

v.                                              Civil Action No. 2:16-7182

E. R. J. INSURANCE GROUP, INC.,
d/b/a AMERICAN HERITAGE INSURANCE
SERVICES, and REGIONAL ACCEPTANCE
CORPORATION, and LIBERTY MUTUAL
INSURANCE COMPANY, and GENERAL MOTORS
LLC,

      Defendants.


## MEMORANDUM OPINION AND ORDER

### I.

Pending is a motion to dismiss the amended complaint, filed by defendant General Motors LLC ("General Motors") on December 23, 2016.

Plaintiffs Bobby J. Pauley, Jr. and Deborah K. Pauley ("the Pauleys") instituted this action by filing a complaint in the Circuit Court of Kanawha County, West Virginia on June 28, 2016. Defendant E. R. J. Insurance Group, Inc. ("E. R. J. Insurance") removed the action on August 3, 2016 on the basis of

diversity jurisdiction.[1]

The Pauleys amended their complaint several times, by motion and consent of the court. The amended complaints added defendants Regional Acceptance Corporation, Liberty Mutual Insurance Company ("Liberty Mutual") and General Motors, LLC ("General Motors").

General Motors filed a motion to dismiss the complaint for failure to state a claim on November 17, 2016. In response to the motion to dismiss, the Pauleys requested to amend their complaint again. In a telephonic conference on December 23, 2016, General Motors and the other parties agreed to the filing of a newly amended complaint, which the Pauleys contended addressed the deficiencies raised in General Motor's November 17, 2016 motion to dismiss. General Motors thereafter filed a second motion to dismiss for failure to state a claim.[2]

---

[1] At the time of removal, E. R. J. Insurance was the only defendant named in the complaint. Because the other defendants were thereafter added with the court's permission, their consent for removal was not required.

[2] The November 17, 2016 motion to dismiss filed by General Motors is still pending. In light of the agreement of the parties to permit the Pauleys to file the amended complaint and the motion to dismiss the newly amended complaint filed by General Motors thereafter, the court ORDERS that the motion to dismiss filed November 17, 2016, be and it hereby is, denied as moot.

2

The current amended complaint alleges that the Pauleys purchased a new 2014 Chevrolet Sonic on June 19, 2014 from Mid State Chevrolet, Oldsmobile, Buick, Inc.  Amended Compl. (ECF Doc. No. 31) at ¶ I.  They contend that on March 28, 2016, the vehicle was "totally destroyed by a fire caused by the separation of the front fuel tank strap bracket leading to the failure of the other tank support resulting in the fuel tank coming loose from the vehicle causing a fuel leak."  Id.  The fire ignited when one of the Pauleys turned on the ignition switch to start the engine, and the fire resulted in a total loss of the vehicle.  Id.

The purchase price of the vehicle was financed through Regional Acceptance Corporation and "additional" insurance was provided by E. R. J. Insurance, and included an amount for Guaranteed Asset Protection Insurance ("GAP Insurance").  Id. at ¶¶ II, IV.  After the fire, the Pauleys allege that E. R. J. Insurance paid some amount to them, but has refused to pay $750 of the amount financed.  Id. at ¶ III.  The Pauleys further allege that the financier, Regional Acceptance Corporation, will not release its claim because it contends that the portion of the claim that E. R. J. Insurance did not pay is still outstanding.  Id. at ¶ IV.

Insurance on the vehicle was provided through Liberty Mutual. After the vehicle was destroyed, the Pauleys notified Liberty Mutual, and representative Jennifer Allen of Liberty Mutual is alleged to have somehow mishandled the Pauleys' GAP Insurance claim against E. R. J. Insurance because she did not contact the Pauleys or provide the necessary documents to the other defendants. Id.[3]

After the fire, the Pauleys allege that they received a recall notice from General Motors, the manufacture of the vehicle, which concerned the same issue that caused the vehicle fire. Id. at ¶ III. As a direct and proximate result of the fire caused by the fuel leak, the Pauleys contend that they suffered a loss of $17,000, which presumably was the value of the vehicle at the time of the fire. Id. at ¶ I.

As a result of these events, the Pauleys claim that their credit reputation has been permanently damaged, they have been subject to: humiliation, aggravation, annoyance, inconvenience, monetary loss, and that they have been unable to purchase and finance goods, have incurred legal fees, and other

---

[3] The court's assessment of the complaint necessarily relies on the language of the complaint, which does not clearly set out the role of some of the various defendants.

substantial damages. The Pauleys ask for $750,000 in damages plus interest and costs. Id. at ¶ V.

In its renewed motion to dismiss, General Motors alleges that the Pauleys have failed to state a claim under Fed. R. Civ. P. 12(b)(6). The Pauleys responded to the motion to dismiss, to which General Motors has replied.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).

5

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

General Motors first contends that the Pauleys have failed to state a claim upon which relief can be granted because they have failed to state a cause of action against General Motors entirely. Memo. in Supp. of Mot. to Dismiss at 4.

6

General Motors argues that the amended complaint only states a cause of action and requests damages for the breach of the GAP Insurance contract, to which it is not a party. Id. at 2.

In response, the Pauleys state that the first paragraph of the amended complaint clearly states a cause of action against General Motors and the amount of damages sought against it. Resp. to Mot. to Dismiss at 1. The remaining paragraphs, to which General Motors refers, state a cause of action against the other defendants, while the last paragraph asks for damages. Id.

Although the amended complaint does not explicitly so state, it appears to state a claim against General Motors for strict products liability under West Virginia law.

In West Virginia, "'strict liability in tort' is designed to relieve the plaintiff from proving that the manufacturer was negligent in some particular fashion during the manufacturing process and to permit proof of the defective condition of the product as the principal basis of liability." Syl. Pt. 3, Morningstar v. Black and Decker Mfg. Co., 162 W. Va. 857, 253 S.E.2d 666 (1979). A plaintiff establishes strict tort liability by showing that "the involved product is defective in

7

the sense that it is not reasonably safe for its intended use." Id. at Syl. Pt. 4. In Star Furniture Co. v. Pulaski Furniture Co., the West Virginia Supreme Court of Appeals extended strict liability in tort to instances where the defective product only caused property damage, but limited recovery to "property damage to defective products which results from a sudden calamitous event." Syl. Pt. 3, 171 W. Va. 79, 297 S.E. 854 (1982).

In Capitol Fuels, Inc. v. Clark Equip. Co., the West Virginia Supreme Court of Appeals reiterated the test established in Star Furniture, stating, "[i]n order to recover under Star Furniture, the damage to the product must result from a sudden calamitous event attributable to the dangerous defect or design of the product itself." 181 W. Va. 258, 260, 382 S.E.2d 311, 313 (1989).[4]

Accordingly, the court must determine whether the

---

[4] A plaintiff need not use direct evidence to establish proof of defect, but instead may use circumstantial evidence to make a prima facie case "so long as the evidence shows that a malfunction in the product occurred that would not ordinarily happen in the absence of a defect . . . [and that] there was neither abnormal use of the product nor a reasonable secondary cause for the malfunction. Syl. Pt. 3, Anderson v. Chrysler Corp., 184 W. Va. 641, 403 S.E.2d 189 (1991). Whether the Pauleys have made the requisite showing of a defect, either by direct or circumstantial evidence, is a matter for the summary judgment phase of the proceedings.

amended complaint contains facts, which if true, state a claim for strict products liability based on the test stated in Capitol Fuels.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In the amended complaint, the Pauleys allege the following facts, as relevant to their claim against General Motors:

1. On June 19, 2014, they purchased a new 2014 Chevrolet Sonic that was manufactured and assembled by General Motors, LLC;
2. On March 28, 2016, the Sonic "was totally destroyed by a fire . . . which was ignited when the plaintiff driver turned on the ignition switch to start the engine[;]"
3. The fire was "caused by the separation of the front fuel tank strap bracket leading to the failure of the other tank support resulting in the fuel tank coming loose from the vehicle causing a fuel leak[;]"
4. As a direct and proximate result, the Pauleys suffered a total loss of the vehicle, which was valued at $17,000; and

> 5. After the Sonic was destroyed, the Pauleys "received a recall notice from . . . General Motors concerning the danger theretofore experienced by [them.]"

Amended Compl. at ¶¶ I, III.

The fire, which the amended complaint alleges ignited when one of the Pauleys turned the ignition and caused the Sonic to be destroyed, qualifies as a calamitous event. <u>See</u> Star Furniture Co., 171 W. Va. at 84, 297 S.E.2d at 859 (calling a fire a "sudden calamitous event"). That the fire was caused by a defect in the design or manufacture of the Sonic can be inferred from the allegations that: (1) the fire was caused by a fuel leak when the front fuel tank strap bracket separated; and (2) the Pauleys received a recall notice from General Motors regarding the danger they experienced after the fire occurred. Amended Compl. at ¶¶ I, III. The amended complaint alleges that the Pauleys sustained a loss of $17,000 as a result of the loss of the vehicle. Although not overly detailed, the amended complaint meets the test from <u>Capitol Fuels</u> and states a claim against General Motors for strict products liability.

General Motors further argues that the Pauleys have

10

admitted in their amended complaint that the other defendants have totally compensated them for the loss of the vehicle and that the amended complaint should be dismissed for that reason. Memo. in Supp. of Mot. to Dismiss at 4.

The amended complaint states that E. R. J. Insurance "paid the amount financed, except for the sum of $750, and has failed and refused to pay the same, which it clearly owes." Amended Compl. at ¶ III. While it is true that the amended complaint appears to allege that E. R. J. Insurance has paid the Pauleys at least a portion of the amount it financed for the purchase of the Sonic, it does not allege that the entire value of the vehicle was returned for the benefit of the Pauleys. See id. The amended complaint further alleges that the financier has refused to release its claim for the Sonic because only a portion of the amount owed was paid by E. R. J. Insurance. Id. at ¶ IV. Based on these allegations, the Pauleys at least have a claim against General Motors for $750, which the amended complaint alleges is part of the amount financed that has not been paid. Accordingly, the Pauleys have stated a claim against General Motors that entitles them to relief.

IV.

For the foregoing reasons, it is ORDERED that General Motor's motion to dismiss the amended complaint (ECF Doc. No. 32) be, and it hereby is, denied. It is further ORDERED that General Motor's earlier filed motion to dismiss (ECF Doc. No. 18) be, and it hereby is, denied as moot.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

DATED: January 25, 2017

John T. Copenhaver, Jr.
United States District Judge